UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **TIMBERLANE PROPERTIES, INC.** | **CIVIL ACTION** |
| **VERSUS** | **NO: 07-4464** |
| **PACIFIC INS. CO., LTD.** | **SECTION: "S" (5)** |

## ORDER AND REASONS

The Motion for Declaratory Judgment Re: La. Rev. Stat. §22:658 (Doc. #25) is DENIED.

### BACKGROUND

This is a Katrina insurance dispute. Plaintiff Timberlane Properties, Inc. is the owner of a series of apartment complexes in Gretna, Louisiana, and had purchased prior to the Hurricane Katrina, a commercial insurance policy from the defendant Pacific Insurance Company, Ltd. The storm and its aftermath severely damaged plaintiff's property and plaintiff submitted to defendant a claim for the damage. According to plaintiff, the cost of the repairs exceeded the value of the policy and the defendant undervalued the claim.

### ANALYSIS

The federal Declaratory Judgment Act states: "[i]n a case of actual controversy within its jurisdiction, ... any court of the United States, upon the filing of an appropriate pleading, may declare

the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought."[1] "A federal court may not issue a declaratory judgment unless there exists an 'actual controversy'; i.e., there must be a substantial controversy of sufficient immediacy and reality between parties having adverse legal interests."[2] A controversy is justiciable only where "it can be presently litigated and decided and not hypothetical, conjectural, conditional or based upon the possibility of a factual situation that may never develop."[3] It gives federal courts the competence to declare right, but it does not impose a duty to do so.[4] If there is jurisdiction, whether to grant a declaratory judgment is within the sound discretion of the trial court.[5]

Louisiana law establishes that insurers owe certain duties to their insureds in adjusting and paying claims. La. Rev. Stat. §22:658 provides a penalty for failing to pay a claim within thirty days after receipt of satisfactory proof of loss from the claimant when that failure is arbitrary, capricious, or without probable cause.[6] To prevail on a claim pursuant to La. Rev. Stat. §22:658, the insured must establish: 1) that the insurer received satisfactory proof of loss, 2) that the insurer failed to timely pay the claim, and 3) that the failure to pay the claim was arbitrary, capricious, or without

---

[1] 28 U.S.C. §2201.

[2] *Middle South Energy, Inc., v. City of New Orleans*, 800 F.2d 488, 490 (5th Cir. 1986).

[3] *Rowan Cos. v. Griffin*, 876 F2d 26, 28 (5th Cir. 1989)(*quoting Brown & Root, Inc. v. Big Rock Corp.*, 383 F.2d 662, 65 (5th Cir. 1967)).

[4] *See Public Affairs Assocs. v. Rickover*, 369 U.S. 111 (1962)(*per curiam*).

[5] *Mission Ins. Co. v. Puritan Fashions Corp.*, 706 F.2d 599, 601 (5th Cir. 1983).

[6] La. Rev. Stat. §22:658.

probable cause.[7]  "The determination of whether an insurer acted in bad faith turns on the facts and circumstances of each case."[8]

The cause of action under La. Rev. Stat. §22:658 comes into existence when and if the insurer fails to pay thirty days after receiving satisfactory proof of loss.[9]  A plaintiff's cause of action can arise in one of three ways: 1) when the complaint is filed if satisfactory proof of loss was not provided prior to the filing of the complaint; 2) when the plaintiff provides satisfactory proof of loss and the defendant fails to pay; 3) when the plaintiff has paid for some damages, new damages is discovered, satisfactory proof of loss is provided to the defendant after such discovery, and the defendant fails to pay.[10]

In June 2006, the Louisiana Legislature passed an amendment that increased the penalty recoverable under La. Rev. Stat. §22:658 from twenty-five percent to fifty percent fo the amount claimant is owed and it reinstated a provision for reasonable attorney's fees and costs.[11]  These changes went into effect on August 15, 2006, and the Supreme Court of Louisiana has held that the changes are not applied retroactively.[12]

Plaintiff seeks a declaratory judgment declaring that "if the trier of fact concludes that

---

[7]*Reed v. State Farm Mut. Auto. Ins. Co.*, 857 So2d 1012, 1020 (La. 2003); *see also Sher v. Lafayette Ins. Co.*, ___So.2d ___, 2008 WL 928486 at *17-18 (La. 2008).

[8]*Block v. St. Paul Fire & Marine Ins. Co.*, 742 So.2d 746, 752 (La. App. 2nd Cir. 1999)

[9]*See Sher*, 2008 WL 928486, at *9.

[10]*See Sher,* 2008 WL 928486, at *9.

[11]*See* 2006 La. Acts No. 813 §1.

[12]*See Sher*, 2008 WL 928486, at 10-11.

Timberlane's submission of the August 18, 2006, Louisiana licensed contractor's estimate constitutes satisfactory proof of loss, as required by La. Rev. Stat. 22:658, then the post Hurricane Katrina amendments to the statute will be applied in determining any applicable penalty."  The defendant argues correctly that the issue is premature given numerous the factual issues, including among other things whether, and if so when, a satisfactory proof of loss occurred, which are to be resolved by the jury.

Accordingly, the issue is not ripe for declaratory judgment and the motion is **DENIED.** However, the court notes that according to the Supreme Court of Louisiana, the amendment to La. Rev. Stat. §22:958 will apply to any claims arising after August 15, 2006.[13]

New Orleans, Louisiana, this  18th  day of July, 2008.

*MARY ANN VIAL LEMMON*
**MARY ANN VIAL LEMMON**
**UNITED STATES DISTRICT JUDGE**

---

[13]*See Sher*, 2008 WL 928486, at 9-11.